The defendant, Favian Cruz, was convicted of two counts of indecent assault and battery on a child under the age of fourteen and four counts of aggravated rape of a child. The defendant argues on appeal that the motion judge erred in denying his motion to suppress and that alleged trial errors created a substantial risk of a miscarriage of justice requiring a new trial. We affirm.
Background. In October, 2012, police were investigating the defendant, who was suspected of sexually abusing his stepdaughter. The defendant voluntarily presented himself at the request of police for an interview. Detective Sergeant Stacey Bruzzese read the defendant the Miranda warnings,[2] during which the defendant stated that he wanted to speak with an attorney. Bruzzese ended the interview and placed the defendant in custody on two warrants. After the defendant was booked, during which he was again given Miranda warnings, he made a telephone call. At that point, Bruzzese explained the nature of the warrants, including that the defendant was charged with the rape of the victim. As Bruzzese later testified, the defendant responded and said that he knew this was going to happen and that is why he had stopped speaking to the victim. Bruzzese advised the defendant that she could not speak with him because he already invoked his right to counsel.
The defendant filed a pretrial motion to suppress all statements made by him to police. That motion was denied after a hearing. Nonetheless, at trial, the Commonwealth did not elicit testimony about the statements in its case-in-chief. The defendant testified in his own defense and denied the charges. On cross-examination, he affirmed that he had a good relationship with the victim, and denied saying that he "thought this was going to happen, and that she was going to get [him] in trouble" and that this "was not the reason why he stopped seeing her." The Commonwealth recalled Bruzzese in rebuttal.[3] She testified that the defendant stated to her "that he knew this was going to happen, and that [the victim] told him she was going to get him into trouble, and that this is why he stopped speaking to her."
Discussion. 1. Defendant's statement. The defendant contends that his statement to Bruzzese should have been suppressed because it was the product of a custodial interrogation conducted after he invoked his right to counsel. The parties do not dispute that the defendant was read Miranda warnings and that the defendant invoked his right to counsel, nor do they dispute that the defendant was in custody. The defendant challenges whether he was subject to an interrogation or its functional equivalent.
We decline to address the judge's ruling on the motion to suppress because the Commonwealth did not introduce the defendant's statement in its case-in-chief. The issue therefore is moot.
To the extent the defendant is challenging the use of the statement for impeachment, there was no error. As the defendant acknowledged at oral argument, a suppressed statement may still be used for impeachment purposes. See Commonwealth v. Harris, 364 Mass. 236, 239 (1973) (statement elicited in violation of Miranda safeguards may be used to impeach credibility of defendant's testimony if inconsistent with statement, so long as statement is not "coerced or involuntary"). The Commonwealth elicited testimony regarding the statement only after the defendant testified about his good relationship with his stepdaughter. The statement served only to impeach his testimony on this point.[4]
To the extent the defendant did not object to the testimony contemporaneously, so that a limiting instruction was not given immediately, we do not agree that there was a substantial miscarriage of justice. After closing arguments, the trial judge instructed the jury that a witness's prior inconsistent statement is not itself evidence and that it is only relevant as to the witness's credibility. See Commonwealth v. Watkins, 425 Mass. 830, 840 (1997) ("We presume that a jury follows all instructions given to it").
To the extent the defendant argues that he would not have testified if the statement was suppressed, the argument is a nonsequiter. When the defendant took the stand, the Commonwealth had rested its case-in-chief and he knew that the Commonwealth had not offered any testimony about his statement, just as no evidence would have entered up to that point had the statement been suppressed.[5] In any event, a defendant cannot reasonably expect to testify to misleading facts without consequence. See Harris, supra at 329. We discern no error.
2. Alleged trial errors. The defendant argues that several alleged trial errors, either individually or collectively, warrant a new trial. We disagree.
The Supreme Judicial Court has held that "testimony on the general behavioral characteristics of sexually abused children may properly be the subject of expert testimony because behavioral and emotional characteristics common to these victims are 'beyond the jury's common knowledge and may aid them in reaching a decision.' " Commonwealth v. Federico, 425 Mass. 844, 847-848 (1997), quoting from Commonwealth v. Colin C., 419 Mass. 54, 60 (1994). However, "a linking of the generalized opinion to the experience of the actual child witness is impermissible vouching.... If that link is avoided, and the testimony does not focus on the specific child witness, the testimony is usually allowed." Commonwealth v. Deloney, 59 Mass. App. Ct. 47, 55 (2003). In addition, the jury may not be "impermissibly ... invited to find an identity between the hypothetical subjects of the expert testimony and the specific child witness who has testified before them." Ibid.
The defendant challenges the testimony of the Commonwealth's expert, Dr. Stephanie Block, arguing that her testimony about child sexual abuse was both so narrow that it provided the jury with a profile of a credible child witness to assess the victim's credibility, and so broad that the testimony was irrelevant. The defendant sexually assaulted the victim when she was between the ages of eight and eleven. The victim first disclosed the abuse to her cousin when she was thirteen years old, and the victim was sixteen years old at the time of trial. Dr. Block testified about the disclosure of child sexual abuse and factors that may impact a person's decision to disclose abuse. The Commonwealth also recalled Dr. Block in rebuttal after the defendant's expert testified. We review Dr. Block's testimony in light of the principles of permissible expert testimony in this subject area and conclude that it was both relevant and proper in scope and content. See Commonwealth v. Federico, 425 Mass. 844, 847-848 (1997) ; Deloney, supra at 56.
Next, the defendant argues that, in closing argument, the prosecutor improperly asked the jury to "tell" the defendant they knew he committed the crimes of which he was convicted. However, in context, these statements were a response to trial counsel's argument that the victim lacked credibility and that the defendant denied the charges. Defense counsel argued that "[the defendant] didn't commit those acts, see? He got on that stand himself, an incredible deed in its own right. No fear. Go with the truth. Tell the truth. Always tell the truth," and that "I want you today to find this man not guilty because nobody deserves to be found not guilty more than that man. You will do the right thing, and I trust you to do the right thing. I have every confidence in [you]." The prosecutor argued that the witnesses were credible, and asked the jury to "tell him that you know that he raped" the victim and to "[t]ell him. Not because I want you to, not because [the victim] wants you to, because you know the truth." While the Commonwealth's response could have been better phrased, in context, we see no error. See Commonwealth v. Brewer, 472 Mass. 307, 315 (2015) (prosecutor may respond fairly to arguments made by defendant).
Lastly, the defendant argues that trial counsel was ineffective for failing to object to testimony that was inadmissible pursuant to a motion in limine. We review under the familiar two-part test for ineffective assistance, and evaluate whether trial counsel's behavior fell "measurably below that which might be expected of an ordinary fallible lawyer" and prejudiced the defendant. Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). See Commonwealth v. Millien, 474 Mass. 417, 432-433 (2016) (second prong of ineffective assistance met if there is substantial risk of miscarriage of justice arising from counsel's failure to present "available ground of defense").
Prior to trial, the Commonwealth filed a motion in limine to introduce evidence that the defendant touched the victim's vagina over her clothing when they were in a car. The victim disclosed this incident to the Commonwealth during a trial preparation session shortly before the start of trial. The trial judge denied the motion as it would be unduly prejudicial to the defendant to introduce evidence that was disclosed days before trial. On direct examination, the victim referenced an incident when "he did it in the car." The prosecutor did not ask further questions about this on direct examination. Defense counsel did not object, but rather asked on cross-examination what occurred in the car and whether the victim reported it. The victim responded that she told the prosecutor while preparing for trial. The victim testified on redirect examination that the defendant "rap[ed]" her in the car.
We are unpersuaded that there was a substantial risk of a miscarriage of justice from trial counsel's failure to object and decision to inquire further. From the record, trial counsel's inquiry appears to be consistent with the strategy to challenge the victim's credibility. We cannot conclude that it was manifestly unreasonable to elicit that the victim had not previously disclosed the incident. See Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002) ("[A]n ineffective assistance of counsel challenge made on the trial record alone is the weakest form of such a challenge because it is bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by a defendant viewing the case with hindsight"); Commonwealth v. Ortega, 441 Mass. 170, 175 (2004) (tactical decisions must be "manifestly unreasonable" in order to constitute ineffective assistance of counsel).
Judgments affirmed.

See Miranda v. Arizona, 384 U.S. 436, 444-445 (1996).

Bruzzese testified in the Commonwealth's case-in-chief, was recalled by the defendant, and testified as a rebuttal witness for the Commonwealth.

The defendant did not object at trial to the elicitation of this testimony on the grounds he asserts on appeal. As such, our review is limited to the substantial risk of a miscarriage of justice standard. See Commonwealth v. Smith, 460 Mass. 385, 398 (2011).

We also note that, as this is a direct appeal, we cannot assess on this record the extent to which the denial of the motion impacted the defendant's decision to testify.